[Civ. No. 8139.  First Appellate District, Division One.—December 14, 1932.]

MARY SALMON, Appellant, v. JOSEPH A. MALONEY, Respondent.

Norman S. Menifee for Appellant.

Paul B. Gibson and Joseph J. McShane for Respondent.

THE COURT.—The above action was brought to recover for damage due to injuries received in an automobile collision.

Defendant was traveling north on a public highway. He was in the act of turning to his left at an intersection when a collision occurred with a car proceeding south in which plaintiff was riding as a guest.

The complaint alleged that the injuries were caused by the defendant's negligence. This was denied, and contributory negligence on the part of plaintiff and the driver of the car in which she was riding was alleged as a defense. A jury returned a verdict for the defendant, and from the judgment entered thereon plaintiff has appealed. The grounds for the appeal are that the defendant was guilty of negligence as a matter of law and that plaintiff was not chargeable with contributory negligence.

As to the first ground, it is claimed that defendant failed to give the signal required by law and that he made the turn in negligent disregard of approaching traffic.

The statute required the defendant to signal his intention to make the turn and that the signal be given continuously during the last fifty feet traveled by his vehicle before turning (Cal. Vehicle Act, sec. 130). Defendant testified: "I put my hand out, directly out, my left hand straight out, and made a normal turn." Further, that before making the turn he kept his hand in this position while traveling from thirty-five to fifty feet.

The testimony must be construed most favorably to the prevailing party (2 Cal. Jur., Appeal and Error, secs. 515, 543, pp. 880, 926). The word "to" is ordinarily a term of inclusion (*Heiberger* v. *Worthington,* 23 App. Cas. (D. C.) 565; 1 Lewis, Statutory Construction, 330), and when the defendant testified that his hand was kept in position while traveling from thirty-five to fifty feet the jury might reasonably have concluded that the signal given complied with the statutory requirement.

As urged by plaintiff, there was no evidence that she was guilty of negligence. Nevertheless, there was sufficient testimony to support a finding that her injuries were wholly due to the negligence of the driver of the car in which she was riding.

We have examined the evidence and are satisfied that the verdict of the jury was fairly supported, and that nothing has been shown which would justify a reversal of the judgment.

The judgment is affirmed.